26 F.3d 127
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
Keith CUNNIGNHAM, Appellant.
 No. 93-3884EM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 11, 1994.
Filed: May 19, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Keith Cunningham appeals his concurrent 15-month sentences for bank fraud and conspiracy to falsify military identification to defraud a financial institution. See 18 U.S.C. Secs. 1344, 371, 499 (1988). We affirm.
 
 
 2
 Cunningham was involved in a ruse involving false checks and identification with Edmond Betton, Romanda Anderson, and Frank Davis. In February 1992, Betton created a false military badge for Cunningham under a false name using photographs Cunningham took at Betton's direction. Betton also created a bogus check for $685. Davis and Cunningham took the check and identification to a bank, where Cunningham unsuccessfully attempted to cash the check. A day later, Betton created a second false identification and check for Cunningham, Cunningham attempted to cash the check at a second bank, and he failed again.
 
 
 3
 According to the presentence report (PSR), Cunningham and his coconspirators had been forging identification from November 1991 through March 1992. Betton was deemed the leader of a conspiracy involving five or more participants. Cunningham, who knew the details of Betton's operation but attempted to cash only two bogus checks, was deemed least culpable. Because Cunningham was not held accountable for the entire scope of the conspiracy, the PSR indicated a base (and total) offense level of 6, a criminal history category of V, and a Sentencing Guidelines range of 9 to 15 months.
 
 
 4
 At sentencing, Cunningham asked for a two-level reduction of his offense level under U.S.S.G. Sec. 3B1.2 for minor participation in the offense. Cunningham argued he merely showed up, received instructions, and was driven to the banks where he attempted to cash the checks. The government argued that Cunningham was as culpable as any of the other defendants for the two unsuccessful transactions considered in calculating Cunningham's Guidelines range. The court denied the minor participant reduction.
 
 
 5
 On appeal, Cunningham argues he was a minor participant given the conspiracy's extensive scope. In deciding Cunningham's base offense level, however, the district court considered Cunningham's conduct only in the two unsuccessful transactions, not the larger conspiracy. Thus, when considering Cunningham's role in the offense, the district court properly focused on the two unsuccessful transactions rather than the larger conspiracy. United States v. Lucht, 18 F.3d 541, 555-56 (8th Cir. 1994). Cunningham cannot have both the benefit of the smaller scheme in calculating his base offense level and the benefit of the larger scheme in deciding his role. Id. We conclude the district court properly denied Cunningham a minor participant reduction under U.S.S.G. Sec. 3B1.2.
 
 
 6
 Accordingly, we affirm Cunningham's sentences.